# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL E. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAVE DAVEY, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-01257-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 2) |

Plaintiff Darrell E. Johnson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 20, 2017, Plaintiff filed a motion requesting the appointment of counsel. (ECF No. 2.) In support, Plaintiff contends that he is indigent and unable to afford counsel, is mentally disabled by being EOP and requiring an acute level of care, does not know the law, and has limited knowledge and formal education.

Plaintiff does not have a constitutional right to appointed counsel in this action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 n.1 (9th Cir. 1998). The Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional

1

circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily from indigent prisoners proceeding without representation. While Plaintiff indicates he is mentally disabled, he has not provided any documentation to substantiate his claim. Further, Plaintiff's complaint has not yet been screened, and at this early stage, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint will be screened in due course.

For these reasons, Plaintiff's request for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **September 27, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE