# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL E. JOHNSON, | ) 1:17-cv-01257-BAM (PC) |
| Plaintiff, | ) SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| vs. | ) (ECF No. 1) |
| DAVE DAVEY, et al., | ) **THIRTY-DAY DEADLINE** |
| Defendants. | ) |

Plaintiff Darrell E. Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's complaint filed on September 20, 2017. (ECF No. 1).

### I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.  Summary of Plaintiff's Allegations**

Plaintiff is currently incarcerated at California Men's Colony, East in San Luis Obispo, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at California State Prison – Corcoran. Plaintiff names the following defendants: (1) Warden Dave Davey; (2) Dr. Ay; (3) Dr. McCabe; and (4) Chief Executive Officer C. Bell.

Plaintiff alleges as follows:

On Feb 16 Inmate had a right foot surgery to remove a piece of bone, from my right foot. After Dr. Sill completed & did surgery he ordered me post op pain medication to be given to me after surgery by the CTC Dr. The next day I was in serious pain, with no pain medication as ordered by Dr. Sill. Dr. "Ay" a CTC doctor at hospital denied me the pain medication ordered by Dr. Sill, leaving me

> in very serious pain. He didn't follow the post op medication, Dr. McCabe is his boss Chief Physician and Surgeon did not correct problem. C. Bell is the Chief Executive officer of Corcoran Prison Hospital. Dave Davey is the Warden of Corcoran State Prison. Nobody did nothing to fix the issue, all this [¶] happened the next day Feb 17th & 18th. Then was told since I'm allergic to "codienes" I don't fit the criteria to be given anything else. I would be left in pain to suffer cruel & unusual punishment violating my 8th Amendment, medical negligence. Inmate is under ADA due to having a mental disability . . . . Inmate is sueing [sic] defendants in there [sic] individual capacitie[s].

(ECF No. 1 at 4-5.) Plaintiff further alleges that he wrote to the government claims board, but was denied. He also exhausted his administrative remedies.

As relief, Plaintiff seeks compensatory and punitive damages, along with a policy change.

### III. Discussion

#### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff fails to link Defendants Davey, McCabe and Bell to any asserted constitutional deprivation of his rights. Although Plaintiff's exhibits demonstrate that Defendants McCabe and Bell reviewed his grievance/inmate appeal, the Court cannot ascertain the basis of Plaintiff's allegations against these defendants based solely on the exhibits. In any amended complaint,

Plaintiff must allege what each defendant did or did not do that resulted in a deprivation of his rights.

### B. Supervisory Liability

To the extent Plaintiff seeks to hold Defendants Davey, McCabe or Bell liable based solely upon their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir.2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff must link Defendants Davey, McCabe or Bell either by direct conduct in the constitutional violation or by identifying a policy that was so deficient that the policy itself a repudiation of the Plaintiff's rights.

### C. Eighth Amendment – Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113,

1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1998).

"Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff fails to state a cognizable claim against Defendant Ay for deliberate indifference to a serious medical need. With respect to post-operative medication, there is no indication that Defendant Ay was responsible for such care following completion of Plaintiff's surgery. There also is no indication from Plaintiff's conclusory allegations that Defendant Ay knew that Plaintiff required additional post-operative medication. Further, according to the exhibits attached to the complaint, Plaintiff was prescribed Gabapentin, NSAIDs and, later, Acetaminophen for his pain. (ECF No. 1 at 22, Ex. E.)

To the extent Plaintiff seeks to hold Defendants McCabe and Bell liable based on their review of his inmate appeal, Plaintiff fails to state a cognizable claim. Generally, a prison official's alleged improper processing of an inmate's grievance, without more, fails to serve as a basis for section 1983 liability. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners have no "separate constitutional entitlement to a specific prison grievance

procedure"). However, "a prison administrator can be liable for deliberate indifference to a prisoner's medical needs if he knowingly fail[s] to respond to an inmate's requests for help." Peralta v. Dillard, 744 F.3d 1076, 1085–86 (9th Cir. 2014) (citation and internal quotation marks omitted); see Rapalo v. Lopez, No. 1:11-cv-01695-LJO-BAM (PC), 2017 WL 931822, at *17-18 (E.D. Cal. Mar. 9, 2017) ("Generally, liability is not imposed on a chief medical officer whose sole act was to review medical appeals[,]" but "a medically-trained individual who is made aware of serious medical needs through reviewing a prisoner's appeal may be liable for failure to treat those needs.").

According to the exhibits attached to Plaintiff's complaint, at the time Defendants McCabe and Bell reviewed his inmate appeal, Plaintiff's medical records demonstrated that he was prescribed Gabapentin, continuation of NSAIDs, and that Acetaminophen had recently been added to his medication regimen. (ECF No. 1 at 22, Ex. E.) Based on this information, there is no indication that Defendants McCabe and Bell were aware of a serious medical need and failed to respond.

For the reasons stated, the Court finds that Plaintiff has failed to state a cognizable deliberate indifference claim against Defendants Ay, McCabe and Bell. Plaintiff will be granted leave to cure these deficiencies to the extent he is able to do so in good faith.

### D. Injunctive Relief

Insofar as Plaintiff seeks injunctive relief, any such request is now moot. Plaintiff is no longer housed at Corcoran State Prison, where he alleges the incidents at issue occurred, and where the prison officials are employed. Therefore, any injunctive relief he seeks against the officials at Corcoran State Prison is moot. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding

pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 17, 2018**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE