# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL E. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DAVE DAVEY, et al.,<br><br>　　　　　Defendants. | 1:17-cv-01257-BAM (PC)<br><br>**ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**<br><br>(ECF No. 11)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Darrell E. Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. On April 17, 2018, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 8.) Plaintiff's first amended complaint, filed on June 1, 2018, is currently before the Court for screening. (ECF No. 11.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

1

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff is currently incarcerated at California Men's Colony, East in San Luis Obispo, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at California State Prison – Corcoran ("CSP-Corcoran"). Plaintiff names the following defendants: (1) CDCR-Medical Care System/Medical Doctors at CSP-Corcoran; and (2) CDCR Medical Care System/California Men's Colony Medical Care Department.

Claim I

In Claim I, Plaintiff alleges that he was denied pain medication through the CDCR

Medical Care System chain of command. Plaintiff alleges that the removal of a bone in his foot led to chronic pain, stiffness, and shooting, often immobilizing, pain. Dr. Sill, the podiatrist who performed Plaintiff's foot surgery, ordered pain medication to begin by CDCR doctors. Plaintiff asserts that it is part of his record that he is allergic to codeine. Plaintiff claims that Tylenol and Naproxen did not fit the criteria for the seriousness of his pain. Plaintiff alleges that Gabapentin was prescribed for a pinched nerve in his right foot, the same foot that he had surgery on to remove a piece of his bone. Plaintiff also alleges that Gabapentin is a nerve pain medication that has no effect on physical pain. Plaintiff contends that CDCR's doctors did not prescribe pain medication as ordered by Dr. Sill upon completion of surgery, resulting in Plaintiff passing out from pain.

When Plaintiff appealed on February 20, 2017, four days later, he was still in pain, but was denied pain medication by the CDCR Medical Care System staff. Dr. Ay reportedly knew that Plaintiff had just had surgery and read the prescription order to Plaintiff when he was brought to the CTC hospital after passing out from pain. Plaintiff alleges that Dr. Ay was aware of a serious medical need and failed to adequately respond.

Plaintiff further alleges that his appeal was not processed in timely manner and was denied at the second level by Interviewer T. Nave, Reviewer C. Bell, and Chief Physician and Surgeon Dr. McCabe. Plaintiff asserts that the medical care doctors and staff knew what happened to Plaintiff. They also reportedly knew the policy of the CRC Hospital that an inmate allergic to codeine did not fit the criteria to receive alternative medication. Plaintiff contends that his appeal was denied without an attempt to fix the problem or hospital policy.

Plaintiff alleges that CTC hospital doctors did not follow Dr. Sill's order for pain medication. Plaintiff also alleges that Dr. Ay knew that Plaintiff had just had surgery, but denied the medication ordered for Plaintiff's pain because Plaintiff was allergic to codeine and did not fit the criteria to be given an alternative medication.

Plaintiff further contends that he states a cognizable claim against Dr. McCabe, who was in the position of an administrator and knowingly denied Plaintiff's medical need. Dr. McCabe returned to work four days later and had the opportunity to fix the situation, but did not. Dr.

McCabe reportedly left Plaintiff in mass amounts of pain. Nurse Rodriguez reportedly called Dr. McCabe and told him about the issue, but he did not do anything to fix the problem.

Plaintiff contends that he also states a cognizable claim against C. Bell, the CEO, because he reviewed Plaintiff's appeal, was aware of a serious medical need, and is liable for the failure to treat Plaintiff's needs. Plaintiff avers that he was being subjected to different treatment than the average prisoner because he was Enhanced Outpatient Program in Ad-Seg due to being charged with assault and battery on a peace officer in a prisoner riot and in a 12-month SHU program. Plaintiff asserts that he "beat" the charges and the case was dismissed. Plaintiff further contends that the Federal Receiver, J. Kelso, was added because he oversees the CDC Medical Care System and the Warden is part of the medical care system policy at Corcoran CTC Hospital.

Additionally, Plaintiff complains that the conditions in the Corcoran Ad-Seg EOP were horrible and inmates were treated badly by the staff doctors and received no respect from correctional officers. Plaintiff asserts that conditions were so bad that after he went without medication for four days he then attempted to commit suicide. Plaintiff contends that his mental health concerns qualified as a serious medical need.

Claim 2

In Claim 2, Plaintiff alleges that he had surgery on his right foot on February 16, 2017. Dr. Sill, the surgeon, ordered pain medication to be given by the CTC doctors after the surgery. Plaintiff was told by Nurse Rodriguez that she noticed that pain medication had not been ordered, so she called the CTC Hospital. Plaintiff was told that Dr. Ay denied pain medication because Plaintiff was already on Tylenol, Naproxen and Gabapentin. Plaintiff told the nurses that he was in serious pain. Nurse Rodriguez told the Ad-Seg EOP Sergeant and an ambulance was called because Plaintiff was having chest pain and stroke-like symptoms. Plaintiff was taken to the CTC Hospital, where he was monitored and asked about the problem by the emergency nurse. The nurse reportedly spoke to Dr. Ay, who denied the pain medication order because Plaintiff already got Tylenol, Naproxen and Gabapentin. Plaintiff explained that those medications did not fit the criteria for the type of pain that he was having. The nurse again

reportedly told Dr. Ay, but he still denied the pain medication. Dr. Ay also reportedly told the nurse that Plaintiff was allergic to codeine and did not fit the criteria to receive anything else. Plaintiff alleges that he was left to suffer in pain because the "CDCR-Medical Care System Chain of Command and Corcoran State Prison <u>Hospital Policy</u> did not have a[n] <u>alternitve</u> [sic] medication for this inmate who was allergic to "<u>codeine</u>" which is what the CTC Hospital give most of the time." (ECF No. 11 at p. 14.)

<u>Relief Requested</u>

Plaintiff seeks compensatory and punitive damages, along with a policy change for inmates allergic to codeine.

**III. Discussion**

**A. Named Defendant**

Plaintiff names both the CDCR-Medical Care System/Medical Doctors at CSP-Corcoran and the CDCR Medical Care System/California Men's Colony Medical Care Department as defendants in this action.[1] However, these are not proper defendants. State agencies, such as the CDCR and its medical department(s), are immune from suit under the Eleventh Amendment. <u>See</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 66 (1989); <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies); see also <u>Peck v. Hopkins</u>, No. 2:17-cv-0430-JAM KJN P, 2017 WL 1349661, at *3 (E.D. Cal. Apr. 12, 2017) (dismissing Duell Vocational Institution, CDCR and the Duell Vocational Institution/CDCR medical department as improper defendants and entitled to Eleventh Amendment immunity); <u>Rowe v. Leighton</u>, No. C-14-2215 TEH (PR), 2014 WL 3809758, at *2 (N.D. Cal. July 23, 2014) (noting that a prison medical department is a place rather than an entity capable of being sued and concluded that "[e]ven if the prison's medical department was considered an agency of the State of California, the medical department would

---

[1] Additionally, any claims arising at the California Men's Colony are not properly venued in this Court. The California Men's Colony is located in San Luis Obispo County. Therefore, proper venue is the United States District Court for the Central District of California for claims involving incidents arising at that facility. 28 U.S.C. § 1391(b).

5

not suffice as a defendant because it would be immune from the suit").

Although Plaintiff does not name the proper defendants in his amended complaint, the Court will address the claims Plaintiff has raised against the Warden, Dr. Ay, C. Bell, Nave, Dr. McCabe and J. Kelso in the factual allegations of his complaint. As explained more fully below, however, Plaintiff's complaint fails to state a cognizable claim against these defendants and the Court will therefore recommend that this action be dismissed for failure to state a claim.

### B. Supervisory Liability

To the extent Plaintiff seeks to hold the Warden and Federal Receiver J. Kelso liable based solely upon their supervisory positions, he may not do so. Plaintiff previously was informed that liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir.2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff has failed to adequately link the Warden and Federal Receiver by alleging direct conduct in any asserted constitutional violation or by identifying a policy that was so deficient that the policy itself a repudiation of the Plaintiff's rights.

### C. Eighth Amendment – Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.' " Jett v. Penner, 439 F.3d

1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1998).

"Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff fails to state a cognizable claim against Dr. Ay for deliberate indifference to a serious medical need. According to Plaintiff's own allegations, he was prescribed Gabapentin, Tylenol and Naproxen, and could not be prescribed an alternative medication to codeine. There is no indication that Dr. Ay was deliberately indifferent to a serious medical need considering Plaintiff's admission that he was prescribed a variety of pain and nerve medications. Plaintiff's disagreement with the course of treatment is not sufficient to state a cognizable Eighth Amendment claim.

Plaintiff also appears to assert that his mental health condition was a serious medical need. However, Plaintiff has not demonstrated that any of the defendants, named or otherwise, were deliberately indifferent to any of his mental health needs. Instead, the crux of Plaintiff's complaint is that he was denied alternative pain medication, not mental health treatment.

To the extent Plaintiff seeks to hold Defendants McCabe, Nave and Bell liable based on their review of his inmate appeal, Plaintiff fails to state a cognizable claim. Generally, a prison official's alleged improper processing of an inmate's grievance, without more, fails to serve as a basis for section 1983 liability. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners have no "separate constitutional entitlement to a specific prison grievance procedure"). However, "a prison administrator can be liable for deliberate indifference to a prisoner's medical needs if he knowingly fail[s] to respond to an inmate's requests for help." Peralta v. Dillard, 744 F.3d 1076, 1085–86 (9th Cir. 2014) (citation and internal quotation marks omitted); see Rapalo v. Lopez, No. 1:11-cv-01695-LJO-BAM (PC), 2017 WL 931822, at *17-18 (E.D. Cal. Mar. 9, 2017) ("Generally, liability is not imposed on a chief medical officer whose sole act was to review medical appeals[,]" but "a medically-trained individual who is made aware of serious medical needs through reviewing a prisoner's appeal may be liable for failure to treat those needs.").

In his amended complaint, Plaintiff references exhibits attached to his original complaint. According to those exhibits and to Plaintiff's allegations, at the time Defendants McCabe and Bell reviewed his inmate appeal in April 2017, Plaintiff's medical records demonstrated that he was prescribed Gabapentin, continuation of NSAIDs, and that Acetaminophen had recently been added to his medication regimen. (ECF No. 1 at 9, 22-23.) Based on this information, there is no indication that Defendants McCabe, Nave and Bell were aware of a serious medical need and failed to respond shortly after Plaintiff's surgery in February 2017. Additionally, those records also reflect that Plaintiff underwent a bunionectomy on February 16, 2017, he was seen by podiatry on February 28, 2017, but refused to attend a podiatry appointment on March 13, 2017. (Id. at 22.) On April 4, 2017, Plaintiff again was evaluated by podiatry, and was noted to be recovering normally. Plaintiff's pain was evaluated on April 15, 2017, and again on April 21,

2017. At that time, Plaintiff indicated that he no longer needed a cane and he was referred to orthotics. Plaintiff's primary care provider, P. Rouch, noted that there was no indication for an increase in Gabapentin, Plaintiff was to continue taking NSAIDS and Acetaminophen was added to his medication regimen. (Id. at 22-23.) Based on this information, there is no indication that prison officials were deliberately indifferent to any serious medical need arising post-surgery.

For the reasons stated, the Court finds that Plaintiff has failed to state a cognizable deliberate indifference claim against Dr. Ay, C. Bell, Nave and Dr. McCabe. Plaintiff has been unable to cure these deficiencies in his complaint.

### D. Equal Protection

Plaintiff alleges that he was subjected to different treatment than the average prisoner because he was Enhanced Outpatient Program in Ad-Seg.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003).

Where no suspect class or fundamental right is implicated, a plaintiff's equal protection claims are subject to a rational basis review. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); United States v. Juvenile Male, 670 F.3d 999, 1009 (9th Cir. 2012); Nelson v. City of Irvine, 143 F.3d 1196, 1205 (9th Cir. 1998) ("Unless a classification trammels fundamental personal rights or implicates a suspect classification, to meet constitutional challenge the law in question needs only some rational relation to a legitimate state interest."). In the prison context, the right to equal protection is viewed through a standard of reasonableness; that is, whether the actions of prison officials are "reasonably related to legitimate penological interests." Walker v. Gomez, 370 F.3d 969, 974 (9th Cir. 2004) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)).

Here, Plaintiff has failed to establish that he is a member of a protected class or that he

was otherwise discriminated against. Plaintiff's conclusory assertion that he was treated differently than other prisoners because of his Enhanced Outpatient Program is not sufficient to state a cognizable claim. Critically, Plaintiff also has not demonstrated that he was denied any necessary medical treatment provided to other similarly situated prisoners with codeine allergies or that defendants were deliberately indifferent to any of his medical needs. These deficiencies cannot be cured by amendment.

### E. Injunctive Relief

Insofar as Plaintiff seeks injunctive relief, any such request is now moot. Plaintiff is no longer housed at Corcoran State Prison, where he alleges the incidents at issue occurred, and where the prison officials are employed. Therefore, any injunctive relief he seeks against the officials at Corcoran State Prison is moot. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

### IV. Conclusion and Order

Plaintiff's amended complaint fails to state a cognizable claim for relief. The deficiencies in Plaintiff's amended complaint cannot be cured by amendment and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a district judge to this action. Further, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

10

magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 14, 2018**        /s/ *Barbara A. McAuliffe*
                                                                              UNITED STATES MAGISTRATE JUDGE